JERRY HERNANDEZ
ATTORNEY AT LAW
BAR #13021
115 W. HU-ESTA DR.
TEMPE, AZ  85282
(480) 231-3053

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 12-8023-02-PHX-DGC |
| ) | (Assigned to the Honorable David G. Campbell) |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **DEFENDANT'S SENTENCING MEMORANDUM** |
| Nicoli Begay, ) | |
| ) | |
| Defendant. ) | |
| ) | |

COMES NOW the Defendant, Nicoli Begay, and respectfully submits the following Sentencing Memorandum.

MEMORANDUM OF POINTS AND AUTHORITIES

I.   INTRODUCTION

Defendant will set forth why the recommended guideline sentence is unreasonable.  In the course of this discussion the Defendant will employ the term "Departure".  The Defendant deploys this term because it is still the coin of the realm in federal sentencing.  However, "the old departure scheme is relevant today only insofar as

1

1  factors that might have supported (or not supported) a departure may tend to show that a
2  non-guideline sentence is (or is not) reasonable". U.S. v. Tankersly, 537 F.3d 1100 (9th
3
4  Cir. 2008).
5      In other words, regardless of how the court frames its analysis, the ultimate issue is
6  whether the application of a particular sentencing factor is "reasonable". U.S. v.
7  Mohamed, 459 F.3d 797, 987 (9th Cir. 2006).
8
9      II.    THE NATURE OF THE OFFENDER MILITATES IN FAVOR OF
10            A NON- GUIDELINE SENTENCE.
11
12     Mr. Begay is young at only 18. Unlike many juveniles from the reservation
13  his age, he has no criminal tribal history. As noted in the PSR, it is probable that he was
14  influenced by his older relatives. PSR, pages 14-15, Justification Section.
15     Both §3553(a) and the sentencing guidelines contemplate a
16
17  variance/departure based on the aberrant nature of this act. There is no question that Mr.
18  Begay's conduct was aberrant within the meaning of §5K2.20.
19     Mr. Begay's conduct was committed without significant planning, was of
20
21  limited duration, and represents a marked deviation by the Defendant from an otherwise
22  law abiding life. §U.S.S.G. §5K2.20(b); U.S. v. Smith, 387 F.3d 826, 833 (9th Cir.
23  2004); U.S. v. Guerrero, 333 F.3d 1078 (9th Cir. 2003); U.S. v. Working, 224 F.3d 1073
24  (9th Cir. 2000).
25
26     Mr. Begay's age, and the fact that this aberrant act is the only dip in the
27  trajectory of his life should carry significant weight in the "History and Characteristics"
28

1 | portion of the §3553(a) sentencing calculus.

2 | 
3 |       Mr. Begay is an ideal candidate for supervision. 37 months is too punitive,
4 | a lesser term would suffice to accomplish the punitive/deterrence component of §3553(a).

5 |     Respectfully submitted October 3, 2012.

                                             s/    JERRY HERNANDEZ

                                             JERRY HERNANDEZ
                                             115 W. Hu-Esta Dr.
                                             Tempe, Arizona 85282
                                                    BAR #13021

10 | I hereby certify that on October 3, 2012,
11 | I electronically transmitted the attached
12 | document to the Clerk's Office using the
CM/ECF system for filing and transmittal
13 | of a Notice of Electronic Filing to the following
CM/ECT registrants:
14 |
15 | Roger Dokken
Assistant United States Attorney
16 |
17 | Copy Mailed to:
Nicoli Begay
18 | Defendant

3